A. LEVY, Plff.,

*v.*

LIVERPOOL & LONDON & GLOBE INSURANCE CO., LTD., Dft.

San Juan, Law, No. 1609.

Opinion filed June 9, 1924.

*Mr. E. B. Wilcox* and *Mr. Pedro G. Quiñones* for the plaintiff.

*Mr. Miles M. Martin* and *Mr. Hugh R. Francis* for the de fendant.

ODLIN, Judge, delivered the following opinion:

The replication filed by the plaintiff in this case on May 31, 1924, contains seven paragraphs, and the counsel for the Insurance Company, defendant, asked this court to strike all the paragraphs of said replication, said motion to strike being based virtually upon the claim that said replication sets forth no facts sufficient to impeach the validity of the award or appraisement which is relied upon as one of the defenses to this action.

The matter has been thoroughly argued by counsel, both orally and in writing. The court is of the opinion, that, while this replication filed May 31, 1924, might be very well condensed into two paragraphs instead of seven, yet this court would not be justified in granting the motion to strike upon that ground alone. After careful consideration of the matter, this court has come to the conclusion that ¶ 1 of the replication should be stricken, because it is purely introductory, and contains nothing omitted from the subsequent paragraphs. This court is also of the opinion that ¶¶ 4, 5, 6, and 7 should stand as now filed, and it is so ordered. The motion to strike is denied with respect to them.

Coming to § 3, it alleges that the plaintiff, by reason of a serious automobile accident shortly after the fire, was physically and mentally incapacitated to give this matter or any of his other business matters any proper consideration; that while in this condition well known to the agents and representatives of the defendant Insurance Company, these latter insisted upon an

appraisement or arbitration of the amount of the plaintiff's loss, and represented to plaintiff that under the law then in force, and according to the terms of the policy, such an appraisement or arbitration was a condition precedent to plaintiff's right of action to recover his loss in court; and it is also alleged that the plaintiff relied upon such representations as being true, or otherwise he would not have consented to such appraisements or arbitration, and that he has since ascertained that these representations were not true, and that they were known by the representatives of the Insurance Company not to be true when made.

It will thus be seen that this court is confronted with the interesting question as to whether Mr. Levy, the plaintiff in the present action, should be allowed as part of his defense a mistake of law. The authorities are very clear that a party will not be relieved from a mistake of law except in extraordinary cases. All litigants are supposed to know the law. Of course there are a few cases in the books where courts of equity have relieved a litigant from a mistake of law, and one of the leading cases upon this subject is that of Snell v. Atlantic F. & M. Ins. Co. 98 U. S. 90, 25 L. ed. 54, the opinion being written by Mr. Justice Harlan. He quotes the first volume of Story on Equity Jurisprudence, § 138, where the author first states certain qualifications to be observed in granting relief upon the ground of a mistake of law, and then adds as follows: "The rule that an admitted or clearly established misapprehension of the law does create a basis for interference of a court of equity, resting on discretion and to be exercised only in the most unquestionable and flagrant cases, is certainly more consonant

with the best considered and best reasoned cases upon the point, both English and American."

It is true that in the Snell Case the Supreme Court of the United States did reverse the decision of the lower court and did hold that the representations made by the agent of the insurance company were relied upon by the insured and that the latter would be relieved from an agreement entered into by him. The difference between the Snell Case and the present case is that the representation made by the agents of the insurance company in the Snell Case related to a contract of insurance which was to be made in the future, and under the peculiar circumstances which surrounded the transaction the Supreme Court deemed it proper to place this case within the exception to the general rule and afford relief to the party insured. But in the instant case the policy had already issued and was held by Levy. The statements which were made by the agents of the defendant insurance company to Levy were after the fire. In the Snell Case the representations made by the representatives of the Insurance Company were before the loss occurred. Levy had his counsel, and, although ill, if he had exercised proper prudence, he would have consulted with his counsel before he relied upon the statements made touching the law by the representatives of the defendant Insurance Company. I am satisfied that if I were to allow the third paragraph of the replication now under consideration to stand, a very unwise and possibly dangerous precedent would be established by this court.

After careful consideration of the entire matter, it is plain to me that I must also strike ¶ 3 of the replication, and it is so ordered.

To this ruling the counsel for the plaintiff except. And counsel for defendant Insurance Company also except.

Done and Ordered in open court at San Juan, Porto Rico, this 9th day of June, 1924.